# EXHIBIT B

CERTIFIED MAIL #70162070000075205884

2017CI15735 S00001

**Case Number: 2017-CI-15735**

**5231 BLANCO LLC ET AL**

vs.

**MID-CENTURY INSURANCE COMPANY OF TEXAS**

(Note: Attached document may contain additional litigants).

**CITATION**

IN THE DISTRICT COURT
225th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

Rec'd 9-1-17

**"THE STATE OF TEXAS"**

**DIRECTED TO:**  MID-CENTURY INSURANCE COMPANY DBA MID-CENTURY INSURANCE
COMPANY OF TEXAS

BY SERVING ITS REGISTERED AGENT, CHANDRA SPERRY
15700 LONG VISTA DR
AUSTIN TX 78728-3822

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION, a default judgment may be taken against you." Said CITATION with ORIGINAL PETITION was filed on the 22nd day of August, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 29TH DAY OF August A.D., 2017.

SHANNON E LOYD
ATTORNEY FOR PLAINTIFF
12703 SPECTRUM DR 201
SAN ANTONIO, TX 78249-3400



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Edgar Garcia*, Deputy

---

5231 BLANCO LLC ET AL
vs
MID-CENTURY INSURANCE COMPANY OF TEXAS

**Officer's Return**

Case Number: 2017-CI-15735
Court: 225th Judicial District Court

Came to hand on the 29th day of August 2017, A.D., at 2:42 o'clock P.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____ 20____, by delivering to: _____ at 15700 LONG VISTA DR AUSTIN TX 78728-3822 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with ORIGINAL PETITION.

Cause of failure to execute this Citation is _____

SEP 0 6 2017

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, TX
By: *Edgar Garcia*, Deputy

ORIGINAL (DK003)

CERTIFIED MAIL #70162070000075205884



Case Number: 2017-CI-15735

2017CI15735 S90001

**5231 BLANCO LLC ET AL**

vs.

**MID-CENTURY INSURANCE COMPANY OF TEXAS**

(Note: Attached document may contain additional litigants).

**CITATION**

IN THE DISTRICT COURT
225th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

Rec'd 9-1-17

**"THE STATE OF TEXAS"**

**DIRECTED TO:** MID-CENTURY INSURANCE COMPANY DBA MID-CENTURY INSURANCE COMPANY OF TEXAS

BY SERVING ITS REGISTERED AGENT, CHANDRA SPERRY
15700 LONG VISTA DR
AUSTIN TX 78728-3822

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION, a default judgment may be taken against you." Said CITATION with ORIGINAL PETITION was filed on the 22nd day of August, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 29TH DAY OF August A.D., 2017.

SHANNON E LOYD
ATTORNEY FOR PLAINTIFF
12703 SPECTRUM DR 201
SAN ANTONIO, TX 78249-3400



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Edgar Garcia*, Deputy

---

5231 BLANCO LLC ET AL
vs
MID-CENTURY INSURANCE COMPANY OF TEXAS

**Officer's Return**

Case Number: 2017-CI-15735
Court: 225th Judicial District Court

Came to hand on the 29th day of August 2017, A.D., at 2:42 o'clock P.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____ 20____, by delivering to: _____ at 15700 LONG VISTA DR AUSTIN TX 78728-3822 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with ORIGINAL PETITION.

Cause of failure to execute this Citation is _____.

SEP 0 6 2017

Donna Kay McKinney
Clerk of the District Courts of
Bexar County, TX
By: *Edgar Garcia*, Deputy

ORIGINAL (DK003)

FILED
8/22/2017 2:17 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Krystal Gonzalez

CAUSE NO. **2017CI15735**

| | | |
|---|---|---|
| 5231 BLANCO, LLC, SANTA FE APARTMENTS | § § § | IN THE DISTRICT COURT |
| | § | **225** JUDICIAL DISTRICT |
| V. | § § | |
| MID-CENTURY INSURANCE COMPANY OF TEXAS | § § § | BEXAR COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs, 5231 BLANCO, LLC, SANTA FE APARTMENTS, and files this Original Petition against MID-CENTURY INSURANCE COMPANY OF TEXAS, hereinafter referred to as ("Mid-Century") and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiffs are doing business in Bexar County, Texas.

Mid-Century is in the business of insurance in the State of Texas. The insurance business done by Mid-Century in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiffs;
- The taking or receiving of application for insurance, including the Plaintiffs' application for insurance;

1

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiffs; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiffs.

Defendant Mid-Century Insurance Company d/b/a Mid-Century Insurance Company of Texas may be served at 15700 Long Vista Drive, Austin, Texas 78728-3822 by serving their registered agent, Chandra Sperry, via certified mail, return receipt requested. **Service is requested at this time.**

## III.
## JURISDICTION AND VENUE

Venue is appropriate in Bexar County, Texas because all or part of the conduct giving rise to the causes of action were committed in Bexar County, Texas and Plaintiffs and property which is the subject of this suit are located in Bexar County, Texas. Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## IV.
## BACKGROUND FACTS

Plaintiffs are the owner of an Insurance Policy (hereinafter referred to as "the Policy"). Plaintiffs own the insured properties, which are located at 5231 Blanco Road, San Antonio, Texas 78216, 5211 Blanco Road, San Antonio, Texas 78216, and 119 Dresden Drive, San Antonio, Texas 78213 (hereinafter referred to as "the Properties"). Mid-Century sold the Policy insuring the Properties to Plaintiffs.

During the terms of said Policy, Plaintiffs sustained covered losses when a wind and hailstorm damaged the Properties, and Plaintiffs reported same to Mid-Century pursuant to the terms of the Policy. Plaintiffs asked that Mid-Century cover the cost of repairs to the

2

Properties pursuant to the Policy. Mid-Century hired an adjuster to adjust the claim and investigate the damages. To date, Mid-Century and its adjuster have completely mishandled Plaintiffs' claims and caused Plaintiffs further and additional damages. Mid-Century and its adjuster failed to conduct a full, fair, prompt and reasonable investigation of Plaintiffs' covered damages. As described in more detail below, Mid-Century and its adjuster conducted an outcome-oriented investigation and under-scoped Plaintiffs' damages in order to avoid full payment on the claim.

Further, Mid-Century and its adjuster made material misrepresentations about Policy provisions, coverage and the law in Texas applying thereto. Mid-Century, its adjuster and their agents have kept and have in their possession a claims file which details the Plaintiffs' claims and their investigation, adjustment and subsequent denial of full payment on the claim.

Mid-Century wrongfully denied Plaintiffs' claim for full and complete repairs to the Properties even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Mid-Century failed to fully pay Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs and engaged its agents to misrepresent Policy provisions and coverage. To date, Mid-Century continues to delay in the payment for the damages to the Properties.

## V.
## CAUSES OF ACTION AGAINST MID-CENTURY

### A. BREACH OF CONTRACT

Plaintiffs re-allege the foregoing paragraphs. Mid-Century and its agents' conduct constitutes a breach of the insurance contract between it and Plaintiffs. Mid-Century's failure and/or refusal, as described above, to pay Plaintiffs adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiffs.

3

Mid-Century failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of their Policy. Specifically, Mid-Century refused to pay the full proceeds of the Policy after delaying and conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged properties, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiffs. Mid-Century' conduct constitutes a breach of the insurance contract between it and Plaintiffs.

B. NONCOMPLIANCE WITH TEXAS INSURANCE CODE

1. UNFAIR SETTLEMENT PRACTICES

Plaintiffs re-allege the foregoing paragraphs. Texas law is clear that insurance companies and anyone engaged in the business of insurance by investigating and adjusting a claim must conduct a reasonable, full and fair claim investigation. Mid-Century and its adjuster violated Chapter 541 of the Texas Insurance Code, in one or more of the following particulars:

§ 541.051. Misrepresentation regarding Policies.

- Making, issuing, circulating, or causing to be made, issued or circulated a statement misrepresenting the terms of a policy; and
- Making, issuing, circulating, or causing to be made, issued or circulated a statement misrepresenting the benefits of a policy.

§ 541.060. Unfair Settlement Practices.

Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;
- making misrepresentations of law;
- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

4

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiffs to settle its claim with respect to another portion of the policy;
- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiffs' claims;
- refusing to affirm or deny coverage within a reasonable time;
- refusing to conduct a reasonable investigation;
- ignoring damage known to be covered by the Policy; and/or
- conducting an outcome-oriented investigation in order to provide a basis to underpay/deny the claim.

## § 541.061. Misrepresentation of Insurance Policy.

- Making an untrue statement of material fact;
- Failing to state a material fact necessary to make other statements made not misleading;
- Making a misleading statement; and
- Failing to disclose a material matter of law.

### 2. THE PROMPT PAYMENT OF CLAIMS

Plaintiffs re-allege the foregoing paragraphs. Mid-Century's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

Mid-Century failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claims, beginning an investigation of Plaintiffs' claims, and requesting all information reasonably necessary to investigate Plaintiffs' claims within the statutorily mandated time of receiving notice of Plaintiffs' claims. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, Mid-Century failed to accept or deny Plaintiffs' full and entire claims within the statutorily-mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

Mid-Century failed to timely pay Plaintiffs' claim, and failed to timely pay for all of the

5

covered losses. TEX. INS. CODE §542.057.

Mid-Century failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiffs' claims and, to date, Plaintiffs have not received full payment for the covered losses. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

Because of Mid-Century's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing it with respect to these causes of action.

### C.   BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

Plaintiffs re-allege the foregoing paragraphs. Mid-Century's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to the insureds pursuant to insurance contracts.

From and after the time Plaintiffs' loss was presented to Mid-Century, its liability to pay the full claims in accordance with the terms of the Policy were reasonably clear. However, it has refused to pay Plaintiffs in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. Mid-Century's conduct constitutes a breach of the common law duty of good faith and fair dealing.

Further, Mid-Century's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claims, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## KNOWLEDGE

Each of the acts described above, together and singularly, were done "knowingly" by Mid-

Century and its adjuster as that term is used in the Texas Insurance Code and were a producing cause of Plaintiffs' damages described herein.

## VII.
## DAMAGES

Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiffs.

As previously mentioned, the damages caused by the covered losses have not been properly addressed, even though Plaintiffs have mitigated, causing further damage to the property and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Mid-Century's mishandling of Plaintiffs' claims in violation of the laws set forth above.

For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the claims, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs, consequential damages not covered by Plaintiffs' Policy and attorney's fees. For knowing conduct of the acts described above, Plaintiffs asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of the claims, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## VIII.

In addition, as to any exclusion, condition, or defense pled by Mid-Century, Plaintiffs would show that:

The clear and unambiguous language of the policy provides coverage for damage to the property caused by losses made the basis of Plaintiffs' claims, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the Defendant violates the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiffs;

In the alternative, Mid-Century is judicially, administratively, or equitably estopped from denying Plaintiffs' construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiffs plead the doctrine of mutual mistake requiring information.

## IX.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiffs request that Mid-Century provide the information required in a Request for Disclosure.

## X.
## FIRST REQUEST FOR PRODUCTION TO MID-CENTURY

1) Produce the non-privileged portion of Mid-Century's complete claims files for Plaintiffs' Properties relating to or arising out of any damages caused by the losses determined by Defendant's expert and Plaintiffs' for which Mid-Century opened claims under the Policy.

2) Produce all emails and other forms of communication between Mid-Century, its agents, adjusters, employees, or representatives and the adjuster, and/or his/her agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiffs' Property which is the subject of this suit.

## XI.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Mid-Century be cited to appear and answer herein; that, on final hearing, Plaintiffs has judgment against Mid-Century for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court. FOR THE COURT: Plaintiffs are forced to state a range amount of damages sought although Plaintiffs believe that the amount of damages is solely for the jury to determine. However, because Plaintiffs must state a range of damages, Plaintiffs plead that the damages are more than $1,000,000. Plaintiffs further plead for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against Mid-Century, to which Plaintiffs may be justly entitled.

9

Respectfully submitted,

THE LOYD LAW FIRM, P.L.L.C.
12703 Spectrum Drive, Suite 201
San Antonio, Texas 78249
Telephone:   (210) 775-1424
Facsimile:   (210) 775-1410
Electronic Mail: shannon@theloydlawfirm.com

BY: _____
SHANNON E. LOYD
State Bar No. 24045706

ATTORNEY FOR PLAINTIFFS

**PLAINTIFFS REQUEST A TRIAL BY JURY**

# 68881

| | | |
|---|---|---|
| IN RE: | § | IN THE DISTRICT COURT OF |
| | § | |
| BEXAR HAIL | § | |
| | § | BEXAR COUNTY, TEXAS |
| COMMERCIAL | § | |
| | § | |
| CLAIM LITIGATION | § | CIVIL JUDICIAL DISTRICT COURTS |

## STANDING PRETRIAL ORDER CONCERNING
## BEXAR COUNTY COMMERCIAL HAIL CLAIMS

This order applies to pretrial matters in commercial property insurance cases filed in the District Courts of Bexar County, Texas that involve insurance disputes arising from the hail storms occurring in Bexar County in April and May of 2016. The purpose of this order is to expedite pretrial matters, discovery and mediation in order to minimize court costs and litigation expenses.

This order shall be posted on the Bexar County District Clerk website and shall be attached to the Original Petition of applicable cases. All attorneys and parties should endeavor to notify others about this order.

Parties seeking to be excused from any part of this order must set a hearing and request relief from the court.

**AUTOMATIC ABATEMENT** – The filing of an original answer by the commercial insurance carrier shall trigger an immediate and automatic abatement. The case shall remain abated until 30 days after a mediation impasse.

The abatement period will apply to all court ordered deadlines and Rule 190 discovery deadlines. The abatement period will not apply to the deadlines in this order or to any statutory deadline, interest or penalties that may apply under any statutory code or law. The parties may send written discovery during the abatement time period, however, the responses and objections to those discovery requests will not be due until 30 days after the end of the abatement period.

**MEDIATION** – The parties shall agree to a mediator and to a mediation date. An Agreed Mediation Order, in the form attached, shall be filed with the court within 120 days after the answer is filed.

Within 15 days of an unsuccessful mediation, the parties will submit a proposed Agreed Scheduling Order to the court.

**DISCOVERY** – Within 120 days of the filing of an answer by the commercial insurance carrier, the parties will use their best efforts to exchange information and documentation pertaining to the commercial property, including the following: expert reports, engineering reports, estimates of damage or repairs; contents lists for contents damage claim(s); photographs; repair receipts or invoices; the non-privileged portions of the commercial insurance carrier and adjusting company's claims file (including all claim diary notes, activity logs, loss notes and email correspondence regarding the insurance claim); payment ledger, payment log and/or proof of payment from the insurance carrier; a copy of the insurance policy in effect at the time of the respective storm claim(s); and the non-privileged portions of the underwriting file. If the insurance carrier is not in possession of the adjusting company's/adjuster's claims file, and the adjusting company/adjuster is not named as a party in the lawsuit and represented by separate counsel, then the insurance carrier shall seek the adjusting company's claims file and use their best efforts to exchange this information within the 120 day time period. The insurance carrier is also ordered to notify

68881

# 68881

the independent adjusting company that all emails, activity notes and loss diary notes pertaining to the hail storm claim in litigation shall be preserved and not destroyed. Finally, a privilege log will also be produced in accordance with the Texas Rules of Civil Procedure for any redactions or privileges asserted. Within 180 days of the filing of an answer by the commercial insurance carrier, the parties will use their best efforts to exchange accounting and financial documentation and other information pertaining to any claims for business interruption, loss of business income, lost profits, inventory or food loss (provide list with values), lost business expense, accounts receivable and any other business loss claim.

Any expert reports, engineering reports, contractor estimates or any other estimates of damages or repairs obtained pursuant to this order for settlement, demand, or mediation purposes and exchanged prior to mediation shall be for mediation purposes only and shall be considered confidential, except that any estimates and/or reports that are part of the claims file, which were obtained or prepared during the claims handling, shall not be considered confidential under this paragraph. However, if a consultant, whose report is produced for mediation, is designated as a retained testifying expert and does not produce a subsequent report for use at trial, the mediation report shall not remain confidential.

Confidential reports and estimates are only confidential for the lawsuit in which they are being used. Confidential expert reports designated for mediation purposes shall be returned to the providing party within 14 days of a written request. Such reports shall not be discoverable or admissible at trial or any hearing. If the party procuring the report designates the expert to testify, such party shall have the right to prevent discovery or testimony by the expert regarding the mediation report and any opinions therein, provided that a subsequent report is produced. The procuring party may use data such as measurements and photographs without waiving this privilege. Nothing herein shall prohibit the use of those reports and estimates in any subsequent insurance claims or lawsuits involving the same commercial insurance carrier.

Once a mediation date and mediator are agreed to by all parties, the commercial insurance carrier shall be permitted to inspect the property involved in the lawsuit (as soon as practicable) prior to mediation. If mediation is unsuccessful, the commercial insurance carrier and other defendants may re-inspect the property with the same, new or additional experts pursuant to the Texas Rules of Civil Procedure.

Signed on November 30, 2016

_____
Michael Mery, Judge
37th District Court

_____
Stephani Walsh, Judge
45th District Court

_____
Antonia Arteaga, Judge
57th District Court

_____
David A. Canales, Judge
73rd District Court

2

68881

68881

_[signature]_
John D. Gabriel, Jr., Judge
131st District Court

_[signature]_
Renée Yanta, Judge
150th District Court

_[signature]_
Laura Salinas, Judge
166th District Court

_[signature]_
Cathleen Stryker, Judge
224th District Court

_[signature]_
Peter Sakai, Judge
225th District Court

_[signature]_
Richard Price, Judge
285th District Court

_[signature]_
Sol Casseb III, Judge
288th District Court

_[signature]_
Karen H. Pozza, Judge
407th District Court

_[signature]_
Larry Noll, Judge
408th District Court

_[signature]_
Gloria Saldaña, Judge
438th District Court

3

68881

# 68881

## AGREED MEDIATION ORDER

Pursuant to the Standing Pretrial Order Concerning Bexar County Commercial Hail Claims, the parties agree to the following mediation date and mediator:

Date: _____

Mediator: _____

The court, hereby, approves and orders the above date and mediator as agreed by the parties.

Each side shall pay an equal portion of the mediation fee.

All parties must have in attendance a representative with full authority to enter into a final settlement agreement. The following shall be personally in attendance at the mediation until excused by the mediator:

1. An attorney of record for each party, unless the party is self-represented.

2. All individual parties, either plaintiff or defendant, except that individual defendant adjusters and insurer employee defendants are not ordered to attend so long as a representative with full authority to negotiate and settle on their behalf is present.

3. A representative of each non-individual party, unless the parties agree otherwise in writing.

Signed and entered on _____, 2016.


_____
Judge Presiding

11/02/2016 VOL 4655 PG 1-of-1

4    68881




MID-CENTURY INSURANCE COMPANY
C/O CRAWFORD SPERRY
15700 LONG VISTA DR
AUSTIN, TX 78728-3822

7016 2070 0000 7520 5884

CERTIFIED MAIL

E. REQUESTED

Jinney
rict Clerk
te 217
TEXAS 78205